## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | **Chapter 7** |
| **BLUESCOUT TECHNOLOGIES, INC.** | **Case No. 13-10108 (LSS)** |
| **Debtor.** | **Objection Deadline: January 26, 2018 at 4:00 p.m. (EST)**<br>**Hearing Date: February 8, 2018, at 10:00 a.m. (EST)** |

## MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR THE ENTRY OF AN ORDER (1) AUTHORIZING SALE OF CERTAIN PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b) AND FED. R. BANK. P. 6004 AND (2) AUTHORIZING ABANDONMENT AND DISPOSAL OF CERTAIN PROPERTY OF THE ESTATE PURSUANT TO SECTIONS 105(a) AND 554 OF THE BANKRUPTCY CODE, AND BANKRUPTCY RULE 6004

George L. Miller, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Bankruptcy Estate") of BlueScout Technologies, Inc. (the "Debtor"), by and through his undersigned counsel, hereby moves this Court (the "Motion") pursuant to 11 U.S.C. § 363(b) and Fed. R. Bank. P. Rule ("Bankruptcy Rule") 6004 for entry of an order (1) authorizing the sale of certain property of the estate as described herein and (2) authorizing abandonment and disposal of certain property of the estate as described herein.  In support thereof, the Trustee respectfully represents as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) (2) (A).  Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The relief sought by this Motion is based upon sections 105(a), 363(b), and 554 of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 6004 and

has been filed in accordance with the Local Rules of the United States Bankruptcy Court for the District of Delaware.

## **BACKGROUND**

3.      On January 23, 2013 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

4.      On the Petition Date, the Trustee was appointed as the chapter 7 trustee for this case.

5.      On the Petition Date, the Debtor owned certain property, including technology equipment machines, supplies, materials, articles parts, components, assemblies, and incidental associated hardware (collectively, the "Assets").

6.      In order to liquidate the Assets and replicate any data present on the Assets, the Trustee entered into a remarketing agreement (the "Remarketing Agreement") with Apto Solutions, Inc. ("Apto").

7.      On March 26, 2013, the Trustee filed an application (the "Apto Employment Application") to employ Apto as the Trustee's sales agent and computer professional.

8.      On April 25, 2013, the Court entered an Order approving the Apto Employment Application.

9.      Pursuant to the terms of the Remarketing Agreement, the Trustee designated items among the Assets to Apto, which Apto was then to market, sell, de-install, audit, store, deliver, remarket, and/or scrap and dispose of.

10.     From the period of March 26, 2013, through November 20, 2017, Apto collected, marketed, and sold at auction the majority of the Assets (the Assets sold being referred to as the "Property").

11.     The sale of the Property, which consisted of 745 items, was conducted through over seventy (70) individual transactions, with each lot being offered for prospective bidders to submit competing offers.

12.     The various auctions of the Property resulted in total sale proceeds of $89,091.39.

13.     Some of the Assets that were to be marketed and sold by Apto either did not attract potential purchasers or have no value (the "Unsold Assets").

## RELIEF REQUESTED

14.     By this Motion, the Trustee seeks (1) approval of the sale (the "Sale") of the Property through the auctions conducted by Apto and (2) approval of the proposed abandonment of the Unsold Assets. A list of the Property sold, the winning bid for each lot, and the purchaser are listed in the attached Exhibit A.  In further support of the relief requested in the Motion, the Trustee relies on the Declaration of Jeffrey Jones of Apto Solutions, Inc. (the "Jones Declaration"), attached hereto as Exhibit B, and the Declaration of the Trustee, George L. Miller (the "Miller Declaration"), attached hereto as Exhibit C.

## BASIS FOR RELIEF REQUESTED

**I.      Approval of the Sale**

15.     The Debtor's schedule B lists various assets including "office equipment, furnishings, and supplies"; "machinery, fixtures, equipment, and supplies tied to business"; and "inventory". A true and correct copy of the Debtor's schedule B, with the relevant attachments, is attached hereto as Exhibit D.

16.     The Sale included auctions for the Property which can be categorized as follows:

| Asset Class | Proceeds Generated |
|---|---|
| Test and Measure | $19,421.92 |
| Machinery | $5,880.04 |
| Office Equipment | $5,969.12 |
| Inventory | $57,820.31 |

17.     The Trustee has determined, in his business judgment, that the sale of the Property was in the best interest of the estate and the creditors.

18.     Section 363(b)(1) of the Bankruptcy Code provides that a trustee may "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, section 105(a) of the Bankruptcy Code states that "the Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

19.     A sale of a debtor's assets has been authorized pursuant to section 363 of the Bankruptcy Code by the United States Court of Appeals for the Third Circuit (the "Third Circuit") if a sound business purpose exists for doing so. See *In re Martin*, 91 F.3d 395 (3d Cir. 1996); *In re Titusville Country Club*, 128 B.R. 396 (W.D. Pa. 1991); see e.g., *In re Mobile Tool International Inc.*, et al., Case No. 02-12826 (MFW) (Bankr. D. Del. October 23, 2002); *In re GST Telecom, Inc.,* Case No. 00-1982 (GMS) (D. Del. Sept. 21, 2000); *In re Mid-American Waste Sys.*, Case No. 97-104 (PJW) (Bankr. D. Del. Mar. 7 1997).

20.     In addition to a sound business purpose, the Third Circuit requires that there be adequate and reasonable notice of the sale and a fair and reasonable price or good faith negotiations with the buyer. *See In re Abbotts Dairies,* 788 F.2d 143, 147 (3d Cir. 1986); *In re First Merchants Acceptance Corp.*, Case No. 97-1500 (JJF), 1997 Bankr. LEXIS 1492 (D. Del. Sept. 11, 1997); *In re Tempo Tech. Corp.*, 202 B.R. 363, 367 (D. Del. 1996); *In re Delaware & Hudson Rwy. Co.*, 124 B.R. 169, 176 (D. Del. 1991); see e.g., *In re WW Warehouse, Inc. f/k/a*

*Woodworkers Warehouse, Inc.,* Case No. 02-13655 (JBR) (Bankr. D.Del. Dec. 2, 2003); *In re AmeriKing, Inc., et al*., Case No. 02-13515 (LHK) (Bankr. D.Del. Dec. 4, 2002).

21.     The Trustee requests approval of the Sale free and clear of liens, claims, encumbrances and interests on the Property.  Section 363(f) of the Bankruptcy Code authorizes a trustee to sell property under section 363(b) "free and clear of any interest in such property of an entity other than the estate" if one of the following conditions is satisfied:

a)     applicable non-bankruptcy law permits the sale of such property free and clear of such interest;

b)     such entity consents;

c)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

d)     such interest is in *bona fide* dispute; or

e)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

22.     Applicable case law provides that a sale of a debtor's assets free and clear of all liens, claims, encumbrances and interests is permissible under section 363(f) as long as the liens, claims, encumbrances and interests attach to the net proceeds of the sale.  *Folger Adam Security, Inc. v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 259 (3d Cir. 2000) ("The holdings of the courts suggest that any interest in property that can be reduced to a money satisfaction constitutes a claim for purposes of section 363(f) and, therefore, attaches to the proceeds of the sale.") 143 B.R. 315, 321 (D.P.R. 1991); *In re Elliot*, 94 B.R. 343, 345 (E.D. Pa. 1988).

23.     At this time, the Trustee is not aware of any specific liens against the Property.

24.     As provided for in the Miller Declaration, the Trustee believes that the Sale constitutes the highest potential value for the Property and provides for significant monetary proceeds to the Bankruptcy Estate.

25.     Moreover, as provided for in both the Jones Declaration and the Miller Declaration, the Assets, including the Property that was sold and the Unsold Assets were heavily marketed by Apto, who used its expertise and broad range of contacts to develop a purchaser list for the Assets.  Notwithstanding the fact that the Property has already been sold, the Assets have been adequately and sufficiently marketed by Apto over a lengthy period of time.  The Assets consist primarily of inventory, machinery and equipment from the Debtor's previous business, thereby making the market for sale to third parties difficult.  The only legitimate means to sell the Assets for value was through the auction-style sale that Apto employed in this instance.  As a result, the Trustee believes that approval of the Sale is in the best interests of the Bankruptcy Estate.

26.     Therefore, the Trustee may sell the Property free and clear of all liens, claims, encumbrances and interests with such liens, claims, encumbrances and interests, if any, attaching to the proceeds of the Sale.

**II.**     **Approval of the Abandonment of the Unsold Assets**

27.     Despite the best efforts of Apto to market and sell the Assets designated by the Trustee, a portion of those Assets, i.e., the Unsold Assets, either did not attract offers from potential purchasers or have no value. The Unsold Assets are listed in Exhibit A.[1]

28.     These Unsold Assets also include items that are obsolete or non-working.

---

[1] The Unsold Assets have a zero value in the "Sale Price" column.

29.     Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a); *see also Hanover Ins. Co. v. Tyco Indus., Inc.,* 500 F.2d 654, 657 (3d Cir. 1974) ("[A trustee] may abandon his claim to any asset, including a cause of action, he deems less valuable than the cost of asserting that claim."). *See, e.g., In re Contract Research Solutions, Inc.,* Case No. 12-11004, 2013 WL 1910286, at *4 (Bankr. D. Del. May 1, 2013) ("[A debtor] need only demonstrate that [it] has exercised sound business judgment in making the determination to abandon."). The right to abandon property is virtually unfettered, unless (a) abandonment of the property will contravene laws designed to protect public health and safety or (b) the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank,* 474 U.S. 494 (1986).

30.     The Unsold Assets do not present any risk of harm to the public's welfare and their abandonment and disposal by the Trustee will not contravene any law designed to protect public health and safety.

31.     The Unsold Assets are either obsolete, non-working, or otherwise of inconsequential value and benefit to the Debtor's estate. Any continued ownership of the Unsold Assets will only result in continuing administrative expenses to the Debtor's estate. Any further attempts to market and sell the Unsold Assets will likely result in costs that exceed the proceeds, if any, that the Trustee is likely to obtain through the sales.

32.     Accordingly, the Trustee has determined, in the exercise of his sound business judgment, that the abandonment and disposal of the Unsold Assets is in the best interests of the Bankruptcy Estate and the Debtor's creditors. The Trustee now requests the Court's approval to abandon and dispose the Unsold Assets.

### III.    <u>Waiver of the Stay Pursuant to Bankruptcy Rule 6004</u>

33.    Federal Rule of Bankruptcy Procedure 6004(h) provides that an "order authorizing the use, sale or lease of property…is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise."  The Trustee requests that the Court waive this 14-day stay, and that the Sale(s) Order be effectively immediately.

34.    The purpose of Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented.  <u>See</u> Advisory Committee Notes to Fed. R. Bankr. P. 6004(h).  Although Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and waive the 14-day stay, the leading bankruptcy treatise suggests that the fourteen day stay period should be eliminated to allow as sale or other transaction to close immediately "where there has been no objection to the procedure."  10 Collier on Bankruptcy 15th Ed. Rev., para 6004.10 at 6004-18 (L. King, 15th rev. ed. 2008).  The treatise further provides that if an objection is filed and overruled, and the objection party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal.

35.    While the Sale has already occurred, the Trustee requests that the 14-day stay be waived in order to bring immediate finality to the Sale. Any further delay will serve no purpose as the value achieved for the Debtor's estate is beyond what any alternative method would have reliably achieved.  As such, the Trustee believes that cause exists for the Court to waive the 14-day.

### <u>NOTICE</u>

36.    Notice of this Motion will be provided to (i) the United States Trustee; (ii) the Debtor's secured creditors; (iii) any party with an interest in the Property; (iv) counsel for the

Debtor; and (v) all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that no other or further notice need be provided.

WHEREFORE, Trustee respectfully requests that this Honorable Court enter an Order: (1) approving the Trustee's sale of the Property free and clear of all liens, claims, encumbrances, and interests; (2) approving the Trustee's abandonment and disposal of the Unsold assets of the Debtor's estate; and (3) granting all such other and further relief that the Court deems just and equitable.

BIELLI & KLAUDER, LLC

Date:  January 12, 2018

*/s/ David M. Klauder*
David M. Klauder (No. 5769)
1204 N. King Street
Wilmington, DE  19801
Phone: (302) 803-4600
Fax: (302) 397-2557
dklauder@bk-legal.com

*Counsel to George L. Miller, Chapter 7 Trustee for the Bankruptcy Estate of BlueScout Technologies, Inc.*

9